IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. NO. C-13-120 |
| | § | |
| MELVIN ADONI VIVAS-RODRIGUEZ | § | |

**FINDINGS AND RECOMMENDATION ON PLEA OF GUILTY**

Senior United States District Judge Janis Graham Jack referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On March 8, 2013, the defendant appeared with counsel before the undersigned United States Magistrate Judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1.   The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement;

2.  The defendant was advised that the indictment charged a violation of Title 8, United States Code, Section 1326, which makes it unlawful for any person who, as an alien, has been previously deported, to thereafter be knowingly and unlawfully present in the United States, having been found in the Southern District of Texas without first obtaining permission of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

3.  The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt, that is the United States must prove beyond a reasonable doubt that the defendant is an alien who was previously deported from the United States, that the defendant was knowingly and unlawfully present in the United States, having been found in the Southern District of Texas, and that the defendant was present unlawfully in the United States because the defendant failed to obtain consent to re-enter this country.  The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to testify in the defendant's behalf or to remain silent;

4.  The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent;

5.  The defendant was advised that the maximum possible sentence included a prison term increased to twenty years plus a maximum fine of $250,000, a period of supervised release of not more than three years, and that any violation of supervised release could result in an additional prison term of up to a maximum of two years.  The defendant was also advised that if his supervised release was revoked that after any period of incarceration, the defendant could be placed on supervised release again and incarcerated for up to an additional two years for each subsequent revocation.  The defendant was advised that a mandatory $100 special assessment is applied to any conviction;

6.  The defendant was advised that after any punishment stemming from a plea of guilty that he would in all likelihood be deported.  The defendant was also advised that in addition to additional time in prison for any revocation of

supervised release based upon another illegal reentry into the United States, he would face another charge in which any potential penalty would be increased based on this conviction. Finally, he was advised that if he returned illegally to the United States while he was on supervised release, that he could face two consecutive sentences based on a new charge and revocation of this conviction;

       7.    The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and

       8.    The defendant was advised that his written plea agreement with the United States included a promise that the United States would recommend credit for acceptance of responsibility and a sentence within the applicable guideline range as decided by the District Court. If the defendant provided substantial assistance, the United States may move for a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1. The defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States. The defendant was further advised that the plea agreement included only a promise by the United States to make a certain recommendation to the sentencing court, not a promise by the sentencing court to impose a certain sentence.

The defendant stated that he had received a copy of the indictment, he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned United States

Magistrate Judge finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of being an alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) as alleged in Count One of the Indictment. When questioned about the guilty plea, the defendant admitted that he was a citizen of Honduras, that he was last deported or removed from the United States on May 7, 2012, that on or about January 18, 2013, the defendant was knowingly and unlawfully present in the United States having been found in Aransas County, Texas, without first obtaining the permission of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission, and that he claimed no lawful right to be present in the United States. The defendant further admitted that he had been found and apprehended by Texas Air & Marine agents on a vessel near Rockport-Fulton, Texas.

During the proceeding, the Government represented that the defendant has prior felony convictions for possession of a controlled substance on August 29, 2012 whereas the Probation Department represented that the defendant was convicted of manufacture or delivery of a controlled substance on August 29, 2012. The defendant indicated this representation was correct in that he had a felony conviction on that date. Pursuant to the Probation Department, the

defendant was advised that if he was convicted of these felonies, it could increase his offense level by 16 levels.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate basis exists in relation to this plea.

### RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and find that the defendant is guilty as charged in the indictment.

Respectfully submitted this 8th day of March 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Findings and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Findings and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure; 28 U.S.C. § 636(b)(1); and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).